UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRICO ALLEN, | ) | CASE NO. 1:18-cv-1594 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL O'MALLEY, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

*Pro se* petitioner Brico Allen filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner currently is detained in the Cuyahoga County Jail, awaiting trial in four different criminal cases. He indicates his right to speedy trial is being violated in Cuyahoga County Court of Common Pleas Case No. CR-17-624427.[1] He indicates he has been incarcerated on these charges since November 11, 2016. He asks this Court to expedite trial in this case.

**I.    Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"

---

[1] In that case alone, Allen is charged in a 59-count indictment with engaging in a pattern of corrupt activity, conspiracy, receiving stolen property, burglary, aggravated burglary, aggravated theft, failure to comply with the signal of a police officer, improperly handling a firearm in a vehicle, carrying a concealed weapon, failing to stop after an accident, felonious assault, resisting arrest, assault, aggravated robbery, robbery, grand theft, kidnapping, discharge of a firearm on or near premises, and having a weapon under disability. His bond has been set at $500,000.00.

*Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## II. Analysis

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cty. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike a petition filed under 28 U.S.C. § 2254, exhaustion of state court remedies under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with 28 U.S.C. § 2241. Nevertheless, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir.1976)). The requirement of exhaustion was developed to give state courts the first opportunity to examine and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state judicial processes. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Therefore, even those habeas petitioners proceeding under § 2241 must exhaust all available state court remedies before proceeding in federal court. *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)).

The petitioner here does not allege that he exhausted his state court remedies. In fact, he does not allege he even raised this issue in the trial court. The petition must be dismissed.

## III. Conclusion

For the foregoing reasons, the petition is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 21, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**